## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

RADMILO STANISIC, EXECUTOR OF
THE ESTATE OF NEVIN STANISIC ET AL

v.                                          CIVIL ACTION:

STURM, RUGER & COMPANY, INC

[Removed from Docket No. UWY-CV23-
6072789S, in the Superior Court of Connecticut,
Complex Litigation Docket at Waterbury]

### DEFENDANT STURM, RUGER & COMPANY, INC.'S NOTICE OF REMOVAL

Defendant Sturm, Ruger & Company, Inc ("Ruger"), pursuant to 28 U.S.C. §§ 1331, 1441
and 1446, files this Notice of Removal and notifies the Court it is removing the above captioned
action currently pending in the Superior Court of Connecticut, Complex Litigation Docket at
Waterbury, to the United States District Court for the District of Connecticut.  In support, Ruger
states as follows:

### I.  PROCEDURAL BACKGROUND

1.      This case arises from a criminal shooting that occurred in Boulder, Colorado on
March 22, 2021. The Plaintiffs are representatives of persons who died in the shooting. Ruger
allegedly manufactured and sold the firearm used in the shooting—a semi-automatic AR-556
Pistol.

2.      On March 13, 2023, Ruger was served with an initial Complaint in the case. The
Complaint pled a single claim alleging that Ruger "unscrupulously" marketed and promoted the
firearm for use in "mass casualty assaults" in violation of the Connecticut Unfair Trade Practices
Act ("CUTPA").  Plaintiffs' original Complaint is attached as Exhibit A.

3.      On October 4 2023, Plaintiffs abandoned the "unscrupulous" marketing claim, and were granted leave to file an Amended Complaint alleging for the first time that Ruger's sale of the firearm violated both the National Firearms Act of 1934, 26 U.S.C. §§ 5801-5872 ("NFA"), and the Gun Control Act of 1968, 18 U.S.C. §§ 921-931 ("GCA"). Plaintiffs' Amended Complaint is attached as Exhibit B.

4.      The Amended Complaint pleads an entirely new cause of action and creates federal question jurisdiction because it sets forth one or more claims that necessarily raise substantial questions of federal law: whether certain handguns are short-barreled rifles under federal law. The overarching federal question is how federal law defines these two separate classes of firearms. Unlike handguns, firearms that meet the definition of a "short barreled rifle" under federal law may not be possessed, made, or transferred without complying with NFA requirements and without authorization of the Attorney General. Am. Compl. at ¶¶ 44-53; *see Mock v. Garland*, 75 F. 4th 563, 569 (5th Cir. 2023) (explaining NFA restrictions and requirements). Violating the NFA carries "severe consequences." *Id*. at 571.

5.      The question of whether the Ruger AR-556 Pistol is a "handgun" or a "short barreled rifle" under the federal statutory definitions of these terms cannot be avoided, and the legal ruling will have substantial, far-reaching impact on both the firearms industry and thousands of owners of similarly designed firearms nationwide.

6.      Accordingly, this action is removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c). Plaintiffs' pleading of a claim "arising under the Constitution, laws, or treaties of the United States" against Ruger makes this "entire action" removable under 28 U.S.C. § 1441(c)(1).

7.      Ruger has timely removed within 30 days of Plaintiffs' filing of the now operative

Amended Complaint for "which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8.      The United States District Court for the District of Connecticut is the federal judicial district encompassing Waterbury, Connecticut.   Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## II.  THE AMENDED COMPLAINT

9.      The Amended Complaint pleads five claims: (1) violation of CUTPA; (2) negligence; (3) negligence per se; (4) public nuisance; and (5) recklessness. Each of these claims raises the federal question of whether the Ruger firearm allegedly used in the shooting—a pistol with a stabilizing brace—was actually a short-barreled rifle sold by Ruger in violation of the GCA and the NFA.  Am. Compl. at ¶¶ 72-83.  The federal question embedded in each of Plaintiffs' claims is what is a "handgun" and what is a "short-barreled rifle" subject to heightened restrictions and limited access under federal law.  *See* 18 U.S.C. §§ 921(a)(8) and (29).  The answer to this question will determine whether the sale, acquisition, and possession of Ruger AR-556 Pistols and similar firearms manufactured by others—possessed by thousands of law-abiding persons across the country—is lawful under federal law.

## III.  THE COURT'S JURISDICTION OVER THIS MATTER

10.      Federal question jurisdiction exists if one of Plaintiffs' claims "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005).  Here, at least one of Plaintiffs' claims meets this requirement.  Plaintiffs' negligence per se claim (Count III) alleges that the firearm involved in the shooting was a short-barreled rifle subject to NFA restrictions on manufacture, transfer, and

ownership.  Am. Compl. at ¶¶128-135. The negligence per se claim pled in Count III is solely

dependent on the Court's interpretation of GCA and NFA definitions, which will impact other

parties and cases involving similarly designed firearms manufactured and owned by others.  This

necessarily raised federal issue is substantial and falls squarely within the purview of the federal

courts.

11.     "[I]n certain cases federal-question jurisdiction will lie over state-law claims that

implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

545 U.S. 308, 312 (2005).  The *Grable* doctrine "captures the commonsense notion that a federal

court ought to be able to hear claims recognized under state law that nonetheless turn on substantial

questions of federal law, and thus justify resort to the experience, solicitude, and hope of

uniformity that a federal forum offers on federal issues."  *Id.*

12.     Under the *Grable* doctrine, this action is removeable because at least one of

Plaintiffs' claims turn on federal issues concerning the classification of firearms under the NFA

and GCA that are (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

resolution in federal court without disrupting the federal-state balance approved by Congress.  *See*

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313-14).

13.     The first *Grable* factor is satisfied.  For example, Plaintiffs' negligence per se claim

necessarily raises a federal question because it relies exclusively on the NFA and GCA for

articulation of the duty allegedly owed by Ruger.  Am. Complaint at ¶¶128-135. *See NASDAQ*

*OMX Grp., Inc. v. UBS Securities, LLC*, 770 F.3d 1010, 1021-23 (2d Cir. 2014) (holding that a

duty derived from the Exchange Act to operate a fair and orderly market supported plaintiff's

contract and tort claims and therefore necessarily raised a federal question). The federal question

cannot be avoided:  how does federal law define these two separate classes of firearms—handguns

and short-barreled rifles? Thus, Plaintiffs' negligence per se claim requires resolution of a federal issue—namely, whether the firearm at issue is a short-barreled rifle under the NFA and whether Ruger violated the NFA and GCA. *See New York v. Arm or Ally, LLC*, 644 F.Supp.3d 70, 78-79 (S.D. N.Y. 2022) (finding that whether products were "firearms" or "component parts" within federal statutory definitions necessarily raised federal question).

14.     These federal issues satisfy the first *Grable* factor because they are the only basis for the negligence per se claim, hence they are necessarily raised. *See Tantaros v. Fox News Network*, LLC, 12 F.4th 135, 147 (2d Cir. 2021) (suit seeking injunction against continuing arbitration of sex harassment claims as violating state statute raises issues of federal law of whether the claim was consistent with the FAA); *Bd. of Comm'r of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 850 F.3d 714, 723 (5th Cir. 2017) (federal issues raised by negligence and nuisance claims give rise to federal jurisdiction where "the vindication of a right under state law necessarily turns on some construction of federal law."). Indeed, state courts are "not entitled to give an independent answer to [these] question[s], different from federal law." *Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers*, Dist. No. 10, 966 F.3d 661, 673 (7th Cir. 2020); *see also Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F. 4th, 271, 280 (4th Cir. 2022) (state law contract, unjust enrichment, and negligence claims are removable federal claims because they will be resolved on an analysis of federally approved regulatory tariffs).

15.     With respect to the second *Grable* factor, the Court's interpretation of the NFA and GCA and Ruger's alleged non-compliance with these federal statutes is "actually disputed." Indeed, this is the "central point of dispute." *Gunn*, 568 U.S. at 259.  Ruger contends that its AR-556 Pistol is a "handgun" as defined in GCA Section 921(a)(29).  Plaintiffs insist the firearm is a "short-barreled rifle" as defined in GCA Section 921(a)(8).  Plaintiffs' Amended Complaint

underscores the existence of the dispute.   Plaintiffs interject non-statutory criteria into these statutory definitions, including references to ATF letter rulings that Plaintiffs claim bear on the statutory definitions. Am. Compl. at ¶¶ 88-93; *see also Mock v. Garland*, 75 F. 4th at 566-67. Whether non-statutory criteria developed by ATF can inform judicial interpretation of criminal statutes raises serious constitutional questions, but the point is that the federal issue is "actually disputed."   The interpretation of the federal criminal statutes defining a "handgun" and a "short-barreled rifle" is central in this case.

16.     Turning to the third *Grable* factor, the question of what is a handgun and what is a short-barreled rifle under federal law is a "substantial" questions because it is significant "to the federal system as a whole." *Gunn*, 568 U.S. at 260, and presents a "nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous similar cases." *Tantaros*, 12 F.4th at 145.  The Court must also assess whether the federal government has a "strong interest" in the federal issues at stake and whether allowing state courts to resolve these issues will undermine "the development of a uniform body of [federal] law." *Gunn*, 568 U.S. at 260-61 (quoting *Grable*, 545 U.S. at 315; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).   "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312*; see also Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 195 (2nd Cir. 2005) (federal issues are substantial when they involve complex federal regulatory schemes).[1]

---

[1] The need for a uniform interpretation and application of federal firearms law by federal courts is exemplified by actions by the Bureau of Alcohol, Tobacco, Firearms, & Explosives ("ATF") to interpret and apply the statutory definition of "short-barrel rifle" to firearms similar to the Ruger AR-556 Pistol, and ongoing litigation challenging ATF's authority to do so. *See Mock*, 75 F.4th 563 (5th Cir. 2023) (reversing

17. Substantiality is satisfied here. Whether pistols like those manufactured and sold by Ruger (and numerous other manufacturers) are instead short-barreled rifles under federal law is unquestionably important to the federal system as a whole. If Plaintiffs' interpretation of federal law is accepted and Ruger is found to have unlawfully manufactured and sold a short-barreled rifle, that ruling will have sweeping consequences on other manufacturers' ability to legally manufacture and sell such firearms, and law-abiding Americans' right to possess such firearms. In this sense, resolution of the core federal issue will substantially impact "how future" firearms manufacturers and owners across the country "act in similar circumstances." *See Minnesota v. Fleet Farm LLC*, No. CV 22-2694 (JRT/JFD), 2023 WL 4203088, at *7 (D. Minn. June 27, 2023) (finding that state court adjudication of federal law issue would undermine the important nationwide federal interest in uniform regulation of interstate firearms commerce). Similarly, if Plaintiffs' interpretation is accepted, thousands of otherwise law-abiding persons who have purchased these types of firearms have unwittingly violated federal law. *See, e.g.*, 26 U.S.C. § 5861(c) (making it unlawful "for any person . . . to receive or possess a firearm made in violation of the provisions of this chapter"). Indeed, Plaintiffs plead as much in the Amended Complaint. He alleges that "hundreds of thousands of Ruger AR-556 Pistols equipped with SBA3 braces remain in circulation, and are available for resale." Am. Compl. at ¶ 142. Resolution of the federal question at issue here will have a substantial impact on manufacturers and consumers of firearms nationwide.

18. As to the fourth *Grable* factor, the critical, threshold issue of what is a short-

---

denial of preliminary injunction on enforcement of the Final Rule and remanding for reconsideration); *Mock v. Garland*, No. 4:23-cv-00095-O, 2023 WL 6457920 (N.D. Tex. Oct. 2, 2023) (preliminarily enjoining enforcement of the Final Rule); *Firearms Regulatory Accountability Coalition, Inc. v. Garland*, 1:23-cv-024, 2023 WL 5942365 (D. N.D. Sept. 12, 2023) (denying motion to preliminarily enjoin enforcement of the Final Rule); *Miller v. Garland*, 1:23-cv-195 (RDA/JFA), 2023 WL 3692841 (E.D. Va. May 26, 2023) (denying motion to preliminarily enjoin enforcement of the Final Rule), appeal filed June 6, 2023.

barreled rifle and whether the Ruger AR-556 Pistol is a firearm subject to heightened regulation under the NFA, "can be resolved in federal courts without disturbing the congressionally approved 'balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 264.   The "balance" will not be disturbed here.  The federal forum is vital to uniform resolution of the issue.  Indeed, that "balance" will be disturbed if a Connecticut state court—and other state courts—are permitted to address the issue. Connecticut has no special interest in interpreting the GCA and NFA and deciding whether a handgun is a short-barreled rifle under federal law, particularly in this case where the firearm was not used to cause harm in Connecticut. *See Tantaros*, 12 F.4th at 146 ("Absent a special state interest in a category of litigation, or an express congressional preference to avoid federal adjudication, federal questions that implicate substantial federal interests 'sensibly belong in a federal court.'").  Exercise of federal question jurisdiction here "will portend only a microscopic effect on the federal-state division of labor." *Grable*, 545 U.S. at 315.

19.      Finally, while there is a substantial federal ingredient to each claim in the Amended Complaint that calls for resolution of the federal issue, some claims arguably include a state law basis for recovery. The Court should exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. §1367.  Supplemental jurisdiction exists "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

## IV.      ADDITIONAL PROCEDURAL MATTERS

20.      This Notice of Removal is accompanied by the operative Amended Complaint and a Notice that there are no pending motions in the state court action that require adjudication.  Upon filing this Notice of Removal, Ruger will provide prompt written notification to Plaintiffs and will

of Removal, with the Clerk of Court for the Superior Court of Connecticut, Complex Litigation

Docket at Waterbury, Connecticut.

V.    <b><u>CONCLUSION</u></b>

WHEREFORE, Sturm, Ruger and Company, Inc. removes the underlying case and

preserves any and all rights and defenses, including those available under Rule 12 of the Federal

Rules of Civil Procedure.

THE DEFENDANT,
STURM, RUGER & COMPANY, INC.

Robert C. E. Laney, Esq. (ct10323)
Ryan Ryan Deluca LLP
1000 Lafayette Boulevard, Suite 800
Bridgeport, CT 06604
(203) 549-6650
Fax:  (203) 549-6655
roblaney@ryandelucalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I delivered a true and correct of the foregoing via email to the following counsel of record in the state court action that is the subject of this Notice of Removal:

Andrew B. Ranks, Esq.                    ranks@cttrialfirm.com
Andrew P. Garza, Esq.                    andrew@cttrialfirm.com
Connecticut Trial Firm, LLC
437 Naubuc Avenue, Suite 107
Glastonbury, CT 06033
(860) 471-8333
Fax: (860) 471-8332

James Vogts, Esq.                        jvogts@smbtrials.com
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611

Robert C. E. Laney, Esq.